UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF ALASKA

In re:

CHARLES ADAM HOSKINS and
SANDRA ANN HOSKINS,

Debtors.

Case No. A09-00206-DMD
Chapter 13

Filed On
8/6/09

## MEMORANDUM REGARDING MEANS TEST
## DEDUCTIONS FOR SURRENDERED COLLATERAL

The debtors filed for Chapter 13 relief on April 10, 2009. Included in their schedules were two secured obligations owed to Credit Union One. The debtors owed $70,000.00 for a 2004 Winnebago Motorhome. Payments on the motorhome were $599.00 per month. The second obligation was for $45,000.00 on a 2005 Hughescraft Boat and motors. Payments for the boat were $500.00 per month.

The debtors filed a Form 22C means test. They are above median debtors with an annualized current monthly income of $149,407.68. Under Subpart C of the means test, deductions for debt payment, the debtors listed their two Credit Union One obligations. After taking the deductions, the debtors had monthly disposable income of $704.13. They filed a Chapter 13 plan based on this amount, with monthly payments of $704.00 per month for a period of five years. Under the plan, the debtors surrendered their boat and motorhome to Credit Union One. The trustee filed objections to confirmation of the plan on a variety of grounds. One of the grounds was that the payments to creditors should be increased because the debtors are surrendering Credit Union One's motorhome and boat. The trustee argues that the debtors projected disposable income should be determined at the time of confirmation, not at the date of filing. He has cited *Hildebrand v. Petro*[1] in support of his position.

---

[1] *(In re Petro)* 395 B.R. 369 (6th Cir. B.A.P. 2008).

*Petro* was another Chapter 13 case. The debtors were unemployed during a a portion of the six month period preceding their Chapter 13 filing. After the appropriate § 707(b) deductions, their monthly disposable income was a negative $670.66. The debtors proposed a plan with monthly payments of $1,439.75 over sixty months, resulting in a 23% dividend to unsecured creditors. That was not enough for the trustee. The trustee objected arguing that not all of the debtors' projected disposable income was being applied to the plan. The bankruptcy court confirmed the plan over the trustee's objection. The trustee appealed.

The sixth circuit BAP considered the mechanical approach, endorsed by the 9th circuit in *Maney v. Kagenveama,*[2] and a more flexible approach whereby projected disposable income is determined at the time of confirmation. It cited *In re Hardacre*[3] in support of its position endorsing the flexible approach and reversing the bankruptcy court. I cited *Hardacre* in a similar case, *In re Bossie.*[4] I concluded that a flexible approach, where projected disposable income was determined at the date of confirmation, should apply to post-BAPCPA chapter 13 cases.

Because of *Kagenveama,* neither *Bossie* or *Petro* are good law in the 9th circuit. A court has no flexibility to determine projected disposable income as of the date of confirmation. A court is to mechanically apply the means test to determine projected disposable income as of the date of the filing of the petition. This necessarily means that debts existing on secured collateral may be deducted in the process of determining disposable income and projected disposable income even when the collateral for the debts is being

---

[2]*(In re Kagenveama)*, 541 F. 3d 868 (9th Cir.2008).

[3]338 B.R. 718 (Bankr. N.D. Tex. 2006)

[4]8 A.B.R. 321, 322 (Bankr. D. Alaska 2006)

surrendered in the plan. A number of bankruptcy court decisions cited by the debtors have so held.[5]

I conclude that the debtors may deduct their motorhome and boat payments in the determination of projected disposable income even though they are surrendering the collateral to the secured creditor. This ruling is not dispositive, however. Pursuant to the stipulation of the parties, the trustee has a variety of remaining objections to confirmation that need to be resolved at a further hearing. I will reset the case for further proceedings in light of this memorandum.

DATED: August 5, 2009.

BY THE COURT

/s/ Donald MacDonald IV
DONALD MacDONALD IV
United States Bankruptcy Judge

Serve:    C. Johansen, Esq.
L. Compton, Trustee
U. S. Trustee

08/06/09

---

[5] *In re Quigley,* 391 B.R. 294 (Bankr. N.D. West Va. 2008) (Intent to surrender motor vehicle did not affect ability to deduct vehicle payments in means test); *In re Turner*, 384 B.R. 537 (Bankr. S.D. Ind. 2008) (Mortgage payment deductible from means test even when home surrendered); *In re Kelvie,* 372 B.R. 56 (Bankr. D. Idaho 2007) (Payments for home and motorhome deductible even when both were surrendered); *In re Wilkins,* 370 B.R. 815 (Bankr. C.D. Cal. 2007) (House payments deductible even when debtor intended to surrender home).

3